ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
PETER COLLINS,

                Plaintiff,      16 Civ. 8741 (LLS)

    - against -              OPINION & ORDER

RAOUL FELDER, RAOUL FELDER
& PARTNERS, PC, DANIEL B. NOTTES,
HOWARD BENJAMIN, NICHOLAS R.
PERRELLA AND FUAT SARAYLI,

Defendants.
- - - - - - - - - - - - - - - - - -X

    The remaining defendants in this action — Raoul Felder, Raoul Felder & Partners, P.C., Daniel B. Nottes (collectively the "Felder defendants"), Howard Benjamin, and Nicholas R. Perrella (collectively the "defendants") — move for dismissal of the amended complaint filed on February 5, 2018, for failure to state a claim upon which relief can be granted. See Fed R. Civ. P. 12(b)(6).

    For the following reasons, the motions are granted.

## BACKGROUND

    This legal malpractice action arises out of the defendants' representation of Peter Collins in a dispute among his fellow shareholders in a company that operated a bar in New York City. After Mr. Collins lost in the underlying arbitration, he filed the complaint in this action.

-1-

The defendants moved for dismissal of that complaint arguing, inter alia, that the complaint failed to plead proximate cause. (Dkt Nos. 43, 63, 109). In opposition, Mr. Collins submitted several affidavits which were not properly incorporated into the complaint but nonetheless raised the concern that Mr. Collins could show that he might have prevailed in the arbitration but for the defendants' deficient performances. See Collins Affs. (Dkt. Nos. 78, 88, 117).

The defendants' motions to dismiss were granted. Opinion & Order (Dkt. No. 120). The order dismissing the complaint quoted excerpts of the arbitration tribunal's detailed findings and conclusions: that Mr. Collins admitted to participating in the alleged fraud at issue, that Mr. Collins did not meet his burden of proof, and ordering Mr. Collins to account for the company's missing funds. See id. at 6-8.

That order also gave Mr. Collins leave to amend the complaint, because it appeared possible that information presented in his affidavits might make out allegations of proximate cause. Id. at 12. Mr. Collins filed an amended complaint, (Dkt. No. 121), which the defendants now move to dismiss.

## DISCUSSION

As discussed in greater detail in the order dismissing the original complaint, a plaintiff in a legal malpractice case must prove his "case-within-a-case" by "demonstrating that 'but for' the attorney's conduct the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages." Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 780 N.Y.S.2d 593, 596 (1st Dep't 2004). The original complaint made no such demonstration.

The amended complaint cures some of the original complaint's deficiencies. It alleges some facts regarding the underlying arbitration which were originally contained only in the affidavits. Most significantly, it also attempts to connect the defendants' alleged negligence in the underlying arbitration to Mr. Collins' loss:

> But for the Negligence of the Defendants as described in Paragraph 55 of this first count, the Plaintiff would have prevailed in the Arbitration matter in that a proper forensic examination of Reddy/Curran Reconstruction of the business (Levy Report) and the amended tax returns would have shown that the Reconstruction and the amended tax returns were incorrect and not credible . . . .
>
> But for the Nottes, Felder, and Felder PC breach of the standard of care as described above the Plaintiff would have prevailed in the Arbitration Matter because the Plaintiff would have been able to demonstrate the inaccuracy and fraudulent nature of the Amended Tax returns and properly attack the evidence offered by the Defendants in the Arbitration matter.

Am. Compl. ¶¶ 52-53.

Nevertheless, the amended complaint makes no showing of how the result of the arbitration would have differed if the defendants had adequately attacked the amended tax returns. It asserts that the defendants' failure to "properly attack the evidence offered by the Defendants in the Arbitration matter" would have changed the result of the arbitration, but gives no reason to conclude that the arbitrators would have decided in favor of Mr. Collins (and none can be found in their opinion) even if they totally rejected the tax returns.

As stated in Brooks v. Lewin, 800 N.Y.S.2d 695, 698 (1st Dep't 2005):

> However, speculation on future events is insufficient to establish that the defendant lawyer's malpractice, if any, was a proximate cause of any such loss (see *D.D. Hamilton Textiles v Estate of Mate, supra; Phillips-Smith v Parker Chapin, supra; Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman*, 191 AD2d 292, 294 [1993] [hypothetical course of events on which any determination of damages would have to be based constitutes such a chain of "gross speculations on future events" as to be incapable of legal proof]; *John P. Tilden, Ltd. v Profeta & Eisenstein*, 236 AD2d 292, 293 [1997] [legal malpractice action based on theory of what Court of Appeals would have done had plaintiff's attorney timely served motion for leave to appeal was " 'too speculative' to raise a genuine issue of fact with respect to proximate cause"]).

The arbitration panel's conclusions rested primarily on its finding that Mr. Collins participated in the fraudulent scheme. Even if the arbitration panel had rejected the amended tax

-4-

returns, it is baseless speculation to assert that would have changed its award.

## CONCLUSION

The motions to dismiss (Doc. Nos. 130, 135, 138) are granted. The amended complaint (Dkt. No. 121) is dismissed with prejudice.

So ordered.

Dated: New York, New York
July 12, 2018

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.